IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAYSEN McCLEARY and BELA ANIMAL LEGAL DEFENSE AND RESCUE, | CV 24–23–M–DLC |
| Plaintiffs, | ORDER |
| v. | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY | |
| Defendant. | |

Before the Court is Defendant's motion to dismiss. (Doc. 8.) For the reasons

herein, the motion is GRANTED.

## BACKGROUND[1]

On August 1, 2022, Defendant Mountain West filed a lawsuit against

Plaintiffs Jaysen McCleary and Bela Animal Legal Defense and Rescue

(collectively "McCleary") seeking a declaration that it had no duty to defend or

indemnify McCleary in a defamation and related collections action (collectively

the "Underlying Actions") brought against McCleary in Iowa. Mountain West

alleged, in relevant part, that McCleary had failed to timely notify Mountain West

---

[1] This factual background is taken from the First Amended Complaint ("FAC") (Doc. 2) and the public court records from *Mountain West Farm Bureau Mutual Insurance Company v. McCleary et al.*, No. CV–22–129–M–DLC ("*McCleary I*").

of the Underlying Actions. Mountain West further alleged that that it was prejudiced by McCleary's failure to notify Mountain West of the Underlying Actions until over three years after the defamation action was filed and served upon McCleary, over a year after the Iowa Court found McCleary liable for defamation, and ten months after McCleary failed to appear at the damages trial resulting in the entry of a $8,000,000 judgment against him.

On July 26, 2023, Mountain West moved the Court for summary judgment. In their Response Brief, McCleary argued that Mountain West failed to procure the appropriate insurance for McCleary, and as such, Mountain West should be estopped from disclaiming its duty to defend. Specifically, McCleary claimed that Mountain West's agent should have issued a Country Home Policy, not a Homeowners Policy. According to McCleary, if Mountain West had issued a Country Home Policy, the Underlying Actions would have been covered under the Country Home's Umbrella coverage. McCleary argued that because of this, the Court should estop Mountain West from relying on the notice-prejudice rule. *Id.* McCleary further claimed that he did not notify Mountain West of the Underlying Actions because he knew that Mountain West had issued him a policy that did not cover the Underlying Actions.

On March 15, 2024, the Court issued an order granting summary judgment to Mountain West. In its Order, the Court explained that:

> Even if the Court were to conclude that the umbrella coverage included
> in the Country Home Policy dated back to 2018, McCleary still did not
> notify Mountain West of the charges against him until, at the earliest
> June 30, 2021, approximately seven and a half months after the Iowa
> District Court granted summary judgment in favor of Underlying
> Plaintiffs.

The Court rejected McCleary's explanation regarding his failure to notify

Mountain West of the Underlying Actions and held that it "cannot equitably

estop Mountain West from relying on the notice-prejudice rule if McCleary

knew the Underlying Actions were excluded from coverage."

On May 1, 2024, Plaintiffs filed the FAC in the present matter. The FAC

alleges that in March of 2018, McCleary contacted a Mountain West insurance

agent, Darci Matovich, about obtaining an insurance policy for real property

located at 1763 Red Crow Rd., Victor, Montana ("the Property"). McCleary

explained his insurance needs including the need to cover the rescued animals,

such as bison, pigs, dogs, and steer residing there. Matovich visited the Property

and completed McCleary's application for insurance. Unbeknownst to McCleary,

Matovich incorrectly applied for and obtained a standard homeowner's policy

instead of the Country Home Policy that should have been procured.

According to the FAC, McCleary's policy was renewed three times, with the

last policy running from April 6, 2021, to April 6, 2022. In April of 2021,

McCleary contacted a new Mountain West insurance agent, John Neuman, about

his upcoming policy renewal. Neuman realized McCleary had been provided an

incorrect policy from the start and indicated so on McCleary's application for the Country Home Policy. Mountain West then issued McCleary a Country Home Policy which provided coverage from May 3, 2021, to May 3, 2022.

McCleary sought coverage from Mountain West with respect to the Underlying Actions that were litigated in *McCleary I*. The FAC alleges two counts of negligence and one count of negligent misrepresentation.

On August 2, 2024, Mountain West filed the present motion to dismiss. (Doc. 8.) Under this Court's local rules, McCleary's response brief was due August 23, 2024. *See* D. Mont. L. R. Civ. 7.1(d)(B)(i). To date, no response has been filed.

## LEGAL STANDARD[2]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). "In general, the [Rule 12(b)(6)] inquiry is limited to the allegations in the complaint, which are

---

[2] Because this Court is exercising diversity jurisdiction, it applies Montana's substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003).

accepted as true and construed in the light most favorable to the plaintiff";

however, the Court "need not accept as true allegations contradicting documents

that are referenced in the complaint or that are properly subject to judicial notice."

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (internal citation

omitted). In addition, the Court may take judicial notice of public court records and

proceedings in a prior action when considering what preclusive effect that prior

action is to be given. *Intri-Plex Technologies, Inc. v. The Crest Group, Inc.*, 499

F.3d 1048, 1052 (9th Cir. 2007).

### DISCUSSION

Mountain West argues that this action is barred by both claim preclusion—

also known as *res judicata*—and issue preclusion—also known as collateral

estoppel. (Doc. 9 at 10.) Because the Court finds that McCleary's claims are barred

under collateral estoppel, this case must be dismissed.

For federal diversity cases, "the reviewing district court must apply 'the law

that would be applied by state courts in the state in which the federal diversity

court sits.'" *Dalbotten v. C.R. Bard, Inc.*, No. 1:20-cv-00034-SPW, 2023 WL

1349998, at *2 (D. Mont. July 22, 2022) (quoting *Semtek Intern. Inc. v. Lockheed

Martin Corp.*, 531 U.S. 497, 508 (2001); *see also Bates v. Union Oil Co. of

California*, 944 F.2d 647, 649 (9th Cir. 1991) ("In a subsequent diversity

action  . . . the forum state's law applies to determine the preclusive effect of a

previous judgment" where the previous judgment was brought under federal diversity jurisdiction). Thus, because *McCleary I* was brought under diversity jurisdiction, the Court applies Montana state law to determine the preclusive effect of the Court's final judgment in *McCleary I.*

Montana courts apply a four-element test to determine whether relitigation of an issue is barred by collateral estoppel: (1) whether the issue decided in the previous action is identical to the issue raised in the instant action; (2) whether the previous action resulted in a final judgment on the merits; (3) whether the party against whom preclusion is now asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue in the previous action. *McDaniel v. State*, 208 P.3d 817, 825–26 (Mont. 2009). Important to this case, "[t]he collateral estoppel bar extends to all questions essential to the judgment which were determined by a prior judgment." *Haines Pipeline Constr. v. Mont. Power Co.*, 876 P.2d 632, 636 (Mont. 1994). "If a new legal or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated previously, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." *Id.* (quoting Vol. 1B, Moore's Federal Practice P 0.443[2], at 760.)

The Court finds that all four elements of collateral estoppel are satisfied here. As to the first element, in *McCleary I*, McCleary argued that Mountain West should be equitably estopped from denying him benefits because Mountain West failed to procure the correct policy. Defendants' Response to Plaintiff's Motion for Summary Judgment at 28, *McCleary I*, No. CV–22–129–M–DLC. The Court addressed and rejected McCleary's argument, holding that even if Mountain West had failed to procure the correct insurance policy, McCleary failed to timely notify Mountain West of the Underlying Actions resulting in prejudice to Mountain West. Order Granting Motion for Summary Judgment at 19–21, *McCleary I*, No. CV–22–129–M–DLC. As such, Mountain West had no duty to defend nor indemnify McCleary in the Underlying Actions. *Id.* at 21. McCleary now alleges he suffered damages related to the Underlying Actions due to Mountain West's failure to procure. This is the same issue that was litigated in *McCleary I*, resulting in a final judgment on the merits.

Turning to the third and fourth elements of collateral estoppel, the Court finds that these elements are readily satisfied. The parties in the instant matter are identical to the parties in *McCleary I*. Having resided over *McCleary I*, the Court is confident that McCleary "was afforded a full and fair opportunity to litigate the issue" in *McCleary I*. *McDaniel*, 208 P.3d 817 at 26.

7

In sum, while McCleary now alleges new legal theories—specifically, negligence and negligent misrepresentation—the Court finds that the issues he presents are "related to the subject-matter and relevant to the issues that were litigated [in *McCleary I*]," and therefore, *McCleary I* is conclusive. *Haines*, 876 P.2d at 636. This matter is barred by collateral estoppel and Mountain West's motion to dismiss must be granted.

Accordingly, IT IS ORDERED that the motion (Doc. 8) is GRANTED. The above-captioned matter is DISMISSED WITH PREJUDICE and judgment is entered in favor of Defendant. The Clerk of Court shall close this case file.

DATED this 21st day of October, 2024.

Dana L. Christensen, District Judge
United States District Court